**MERIDEN COMMUNITY ACTION AGENCY, et al., Appellants,**

v.

**Donna E. SHALALA, Secretary of the United States Department of Health and Human Services, Appellee.**

**Nos. 95–5092, 95–5093.**

United States Court of Appeals, District of Columbia Circuit.

April 9, 1996.

Daniel F. Van Horn, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, and R. Craig Lawrence, Assistant United States Attorney, were on the motion, for appellee.

Edward T. Waters, Washington, DC, with whom James L. Feldesman and Eugene R. Fidell were on the response, for appellants.

Before WILLIAMS, SENTELLE, and ROGERS, Circuit Judges.

Opinion for the Court filed PER CURIAM.

## ON APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE

### PER CURIAM:

Meriden Community Action Agency (MCAA) and Campesinos Unidos, Inc. (CUI) appeal an order granting summary judgment for the Secretary of Health and Human Services (HHS) in this dispute over 1992 amendments to the regulations governing de-fund-ing of Head Start programs alleging, *inter alia,* that the Secretary did not provide an adequate hearing. *See Meriden Community Action Agency v. Shalala,* 880 F.Supp. 882 (D.D.C.1995) ("*MCAA*"). For the reasons well stated by the district court, we summari-ly affirm that portion of the order granting summary judgment for the Secretary, and specifically hold that the 1992 amendments do not represent a change in HHS's interpre-tation of the type of hearing required under the Head Start Act.[1]

\*     \*     \*     \*     \*     \*

The Head Start program provides edu-cational, health, and other services to low-income children and their families. HHS's Administration for Children and Families (ACF) awards Head Start grants to local agencies, which then furnish Head Start ser-vices to the community. ACF may deny re-funding if a grantee does not comply with Head Start performance standards.

In March 1994, ACF informed MCAA that it intended to deny re-funding of MCAA's Head Start operations for the 1994–95 pro-gram year for failure to meet performance standards. MCAA appealed to the Depart-mental Appeals Board (DAB), which upheld the denial of re-funding.

In July 1994, ACF informed CUI that it would deny CUI's request for continued funding of its migrant Head Start program for failure to meet performance standards. CUI appealed to the DAB, which ordered ACF to provide a more definite statement of how CUI had failed to meet the performance standards.

MCAA and CUI then filed suit in district court challenging the 1992 regulations gov-erning their appeals. As relevant here, the regulations transferred jurisdiction over de-funding appeals to the DAB, which uses in-formal hearing procedures. *See* 45 C.F.R. § 1303.15. MCAA and CUI asserted that HHS had previously interpreted the Head Start Act to require formal, "on the record" hearings conducted pursuant to the Adminis-trative Procedure Act. Thus, they argued, the 1992 amendments represented an unex-

---

1. We summarily affirm the remainder of the dis-trict court's order by unpublished order.

plained and unwarranted change in HHS's interpretation of the Act.

The district court granted summary judgment for the Secretary on this claim. The court first held that the preamble to Head Start regulations adopted in 1975 did not establish that HHS had adopted a policy of providing formal hearings:

> [A]lthough the preamble notes the [Office of Child Development]'s view that the Act requires formal APA hearings, the Secretary of Health, Education & Welfare (HHS' predecessor) did not adopt this policy. Rather, the Secretary declined to adopt the position espoused by OCD "until some more definitive answer might be obtained."

*MCAA*, 880 F.Supp. at 889 (quoting 40 Fed. Reg. 25013, 25014 (1975)). After examining the hearing requirements contained in the pre–1992 regulations—particularly the provision allowing persons other than administrative law judges appointed under 5 U.S.C. § 3105 to preside over Head Start hearings, *see* 45 C.F.R. § 1303.24(a)—the court held that

> HHS' actual interpretation of the "full and fair hearing requirement," as reflected in the prior regulations and in practice under those regulations, was that no formal adjudication pursuant to 5 U.S.C. § 554 was necessary. The new regulations, which maintain the appeals process as informal proceedings, therefore do not change a consistent, longstanding interpretation of the Head Start Act.

880 F.Supp. at 890.

The court's analysis, set out in more detail in section II.B of its opinion, is well-reasoned and persuasive. We therefore grant the Secretary's motion for summary affirmance of this aspect of the court's order for the reasons stated in that opinion.